WALLACE, JUDGE:
The respondent, Department of Corrections, entered into a contract with the claimant for certain services to be provided by the claimant at the West Virginia Industrial School for Boys at Pruntytown and the West Virginia Industrial Home for Girls at Salem, West Virginia. The claimant was to provide psychological services for the inmates of these institutions and establish a program for rehabilitation. The contract also required the claimant to provide training and consultant services to respondent’s staff. The claimant was to be paid $90,000.00 for its services, which were to start on January 18, 1975, and be completed in twelve months. At the request of the respondent, performance of the contract did not commence until the third week of February, 1975.
*286 Respondent’s Exhibit No. 2 indicates that payments totalling $63,658.85 were made by the respondent under the contract. Subsequent payments were withheld pending an investigation of one of claimant’s employees. Although statements were submitted, they were not paid. This claim is for the balance due under the contract.
In November of 1975, the parties negotiated and signed an agreement to extend the program for an additional nine months, which extension was never approved by the Governor’s Committee on Crime and Delinquency nor by the Department of Finance and Administration.
The contract provided that if the respondent was not fully satisfied with the performance of the contract, it could terminate the contract upon thirty days’ written notice to the claimant. Such a notice was not given. Just prior to the expiration of the term of the contract, Betty Light, Administrative Assistant to respondent’s Commissioner, Calvin A. Calendine, notified Harry H. Vorrath, claimant’s president, by telephone on January 14, 1976, that the contract would expire as of January 17, 1976, and that the claimant would receive no compensation for the last sixty-five days of the contract.
By letter dated February 6, 1976, after the contract had been terminated, Commissioner Calendine wrote Mr. Vorrath stating in part:
“... Positive Peer Culture failed in several instances to fulfill the requirements of the original contract. I was disappointed that we could not negotiate reasonable times for the completion of this program ...
However, since we have failed to reach such an agreement, we now feel that payments already made to Positive Peer Culture, Inc. are sufficient remuneration for the actual accomplishment and services rendered ...”
In his testimony, Mr. Vorrath stated that he was unaware of any dissatisfaction with the services being provided until the January telephone call from Betty Light, and that he thought the compensation was being withheld by reason of the investigation of one of claimant’s employees.
*287 The record establishes that the claimant entered into the performance of the contract and that an extension was contemplated although never consummated. The record does not establish dissatisfaction with the claimant’s performance during the term of the contract, nor that any effort was made on behalf of the respondent to terminate the contract under its terms. Therefore, from the record, the Court makes an award to the claimant in the amount of $26,341.15, representing the balance due under its contract with the respondent.
Award of $26,341.15.